# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-40144
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 19, 2017

Lyle W. Cayce
Clerk

JEREMY JAMES HENDRICKS,

Plaintiff - Appellant

v.

MATT BINGHAM; PETER KEIM,

Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:16-CV-942

Before BARKSDALE, PRADO, and OWEN, Circuit Judges.

PER CURIAM:*

Jeremy James Hendricks, Texas prisoner # 01491333 and proceeding *pro se*, challenges the dismissal of his 42 U.S.C. § 1983 action (claiming a due-process violation) as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and, in the alternative, by the doctrines of qualified and absolute immunity. Hendricks does not present any bases challenging the court's ruling his due-process claim is barred under *Heck*. His failure to point to any error in the

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 17-40144

court's reasoning puts him in the same position as if he had not appealed the judgment. *E.g.*, *Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). This court liberally construes briefs filed by *pro se* litigants, but even *pro se* parties must reasonably comply with Federal Rule of Appellate Procedure 28(a)(8). *E.g.*, *Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993).

In the alternative, in his reply brief, in addressing appellees' contentions regarding qualified and absolute immunity, Hendricks fails to brief any bases challenging the court's alternative conclusion that the district attorney and assistant district attorney, involved in Hendricks' prosecution for sexual assault of a child, were entitled to such immunity. Accordingly, he has abandoned this issue. *Brinkmann*, 813 F.2d at 748.

AFFIRMED.